UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

DAVEEN S SKEEN LIFE ESTATE c/o Veenie
S, Skeen El, Executor

                     Plaintiff,                  **REPORT & RECOMMENDATION**

       v.                                         24-cv-5455 (GRB) (ST)

JULIO ALDECOCEA, CEO Lakewood Loan
Servicing, LLC, DAVE WORRELL, CEO
Loan Care LLC, JAY BRAY, CEO Nationstar
Mortgage Svcs d/b/a Mr Cooper, ANDREW
CECERE, CEO U.S. Bank, N.A.

                     Defendants.
------------------------------------------------------------X

**TISCIONE, United States Magistrate Judge:**

       This case is one of three cases pending before the Court related to the foreclosure of a property located at 732 Martin Dr., Uniondale, New York 11553 (the "Property"). One of the Property owners, Daveen[1] Skeen ("Plaintiff" or "Skeen"), commenced this particular action *pro se* against four alleged CEOs of various banks/lenders.[2] Those individuals are Julio Aldecocea,[3] Dave Worrell, Jay Bray, and Andrew Cecere ("Defendants"). Although not obvious, the Complaint's allegations primarily suggest that this is a breach of contract action. However, the Complaint also

---

[1] Plaintiff's name is spelled both "Daveen" and "Deveen" throughout her papers. For consistency, this Court will spell it "Daveen."

[2] For reasons unknown, Skeen did not name herself the plaintiff to this action, but rather, named the "Daveen S Skeen Life Estate c/o Veenie S. Skeen El, Executor" the plaintiff. However, in compliance with its obligation to construe *pro se* pleadings liberally, this Court will consider Skeen *individually* to be the actual plaintiff to this action, rather than the "life estate," as the Complaint suggests that Skeen considers herself to be the actual plaintiff.
Moreover, it appears that Skeen changed her name from Daveen Stacey Ann Skeen to Veenie Staacia Skeen El on June 21, 2022, based on a purported name change order attached to the Complaint. *See* Compl. Ex. D, ECF No. 1-4. Even so, as Plaintiff refers to herself as "I Daveen," in the Complaint, *see* Compl. at 7 ¶ 5, ECF No. 1, this Court assumes "Daveen Skeen" to be Plaintiff's name for purposes of this Motion.

[3] This name is spelled both "Aldecocca" and "Aldecocea" throughout both Plaintiff's and Defendants' papers. For consistency, this Court will spell it "Aldecocea."

vaguely mentions declaratory judgment, violations of the Truth in Lending Act, securities fraud, and tax fraud. *See* Compl. at 1.

Before this Court are Defendants' motions to dismiss the Complaint (the "Motions"). Defendants Aldecocea and Worrell (the "Lakeview Defendants")[4] move to dismiss for failure to make a short and plain statement of the claims, lack of standing, insufficient service of process, and failure to state a claim. *See generally* Lakeview Defs.' Mot. to Dismiss, ECF No. 26. Defendants Bray and Cecere (the "NSM U.S. Bank Defendants") move to dismiss for lack of subject matter jurisdiction, failure to make a short and plain statement of the claims, failure to state a claim, lack of personal jurisdiction, and insufficient service of process. *See generally* NSM U.S. Bank Defs.' Mot. to Dismiss, ECF No. 27.

For the reasons discussed below, this Court respectfully recommends that the District Court GRANT the Motions and DISMISS the Complaint without prejudice.

**BACKGROUND**

I.     **PLAINTIFF'S COMPLAINT**

In accordance with its obligation to do so, this Court construes Plaintiff's *pro se* Complaint "liberally with special solicitude." *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013) (quotations omitted). Nevertheless, the Complaint is difficult to decipher. It includes many irrelevant references to admiralty and maritime law and asserts claims resembling those often made by so-

---

[4] Due to an administrative error, Lakeview Loan Servicing, LLC ("Lakeview") was originally listed on the electronic docket sheet as a defendant in this case. *See* Docket Entry, dated June 16, 2025 ("Defendant Lakeview Loan Servicing, LLC had been incorrectly listed as a defendant in this matter at case opening. The error has been corrected as per chambers request on 6/16/2025."). As such, in "an abundance of caution," the Lakeview Defendants moved to dismiss the Complaint on Lakeview's behalf. *See* Lakeview Defs.' Mem. Supp at 1 n.1, ECF No. 26-7. However, this Court need not address the Lakeview Defendants' specific arguments for Lakeview's dismissal, as those arguments are now moot.
Although Plaintiff refers to Lakeview as "the Defendant" in her "Response to Deendant's [*sic*] Motion to Dismiss," such a referral is not a proper way to add a party, and accordingly has no bearing on Lakeview's status as a non-party to this action. *See* Pl.'s Resp to Defs.' Mot. to Dismiss at 1 ¶ 1, ECF No. 29.

2

called "sovereign citizens." *See infra* Discussion, Section II. However, a generous interpretation of the Complaint suggests that this is an intended breach of contract action, arising from Plaintiff's claim that her mortgage lender is foreclosing on her property despite her allegations that her mortgage has, somehow, already been paid off. *See, e.g.*, Compl. at 7 ¶ 8 (Plaintiff alleging, "they were paid!").

This Court will not attempt to recite all the allegations in the 57-page Complaint, as they are largely irrelevant. To summarize the relevant ones, on November 11, 2019, Plaintiff, Kevon Skeen, and Jacqueline Durrant (collectively, the "Borrowers") signed an "alleged mortgage loan/promissory note." *Id.* at 6 ¶ 1. On April 2, 2020, "the Mortgage was transferred/assigned to LAKEVIEW LOAN SERVICING, LLC them stating [the] loan was sold, but the AUTOMATED MACHINE TOLD [Plaintiff] SEVERAL TIMES CONGRATULATIONS [her] LOAN WAS PAID IN FULL." *Id.* at 6 ¶ 2. Plaintiff states, "I thought it was strange and something was not right, or my securitization was recognized as payment through some mistake of accidental exposure; something that I was not supposed to hear/see." *Id.*

Plaintiff alleges that from 2020 to 2022, the Borrowers "had a partial claim with HUD for $23,400.00 as a small promissory note." *Id.* at 6 ¶ 3. In 2020, the Borrowers "were unable to keep up payments, during that time there due to two job losses and [they] were unable to pay during 2020 thru 2022." *Id.* at 6 ¶ 4. Plaintiff states that, in December 2022, "I Daveen, sent a promissory note addressed to Julio Aldecocea, CEO, of LAKEVIEW LOAN SERVICING, LLC. They took it, monetized it and it was found in Treasury Direct, EE Bonds series." *Id.* at 7 ¶ 5. According to Plaintiff, "[t]hey stole a $500,000 promissory note and STILL tried to foreclose on" the Property. *Id.*

Plaintiff alleges that in January 2023, an attorney at Aldridge Pite, LLP "sent a letter saying they are debt collectors and was asking for payments of back payments saying [the borrowers] owe ridiculous amounts." *Id.* at 7 ¶ 6. Plaintiff further alleges that on March 1, 2023, Aldrige Pite "initiated [f]oreclosure" and, according to Plaintiff, "is currently trying to evict [her] family" from the Property. *Id.* at 7 ¶ 7. Plaintiff allegedly "opposed what they are trying to do and even mention that LAKEVIEW stole the $500,000 PROMISSORY NOTE that was RE-PAID and then PAID again." *Id.* at 7 ¶ 8. Plaintiff further claims that "they were paid!" *Id.* Plaintiff asks, "[f]rom there, I am expected to pay again for an additional 30 years?"[5] *Id.*

## II. THE MOTIONS

As the Motions seek dismissal for lack of subject matter jurisdiction, this Court may consider materials outside the pleadings in determining whether jurisdiction exists, including the declarations and exhibits attached to the Motions. *See Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008); *J.S. ex rel. N.S. v. Attica Central Sch.*, 386 F.3d 107, 110 (2d Cir. 2004) ("We may consider affidavits and other materials beyond the pleadings to resolve the jurisdictional issue"). According to the declarations and their exhibits, on November 8, 2019, the Borrowers obtained a $456,577.00 mortgage loan from Nationstar Mortgage LLC d/b/a Mr. Cooper ("Nationstar") to purchase the Property. *See* Sheehan Decl. Ex. C, ECF No. 26-4; Kofman Decl.,

---

[5] The Complaint also has over 100 pages of attachments. *See* Compl. Exs., ECF No. 1-1–1-7. The first attachment is a "Grantor's Entitlement Allodial Land Patent Deed" made under "Ecclesiastical Canon Law Jurisdiction." *See* Compl. Ex. A, ECF No. 1-1. The second attachment is "Deveen Stacy-ann Skeen's Conditional Acceptance to Julio Aldecocea, CEO Lakeview Loan Servicing LLC Pursuant to: Offer of Foreclosure." *See* Compl. Ex. B., ECF No. 1-2. The third attachment is a purported "Second Notice Demand for Declaratory Judgement [*sic*] Upon Notice of Private Offer and Acceptance Between the Parties Within the Admiralty-Meritime [*sic*] Jurisdiction ab initio Administrative Remedy . . . and Demand for Privacy and Truth in Lending Act Request and Affidavit of Plain Statement of Facts." *See* Compl. Ex. C, ECF No. 1-3. The fourth attachment is a name change order from New York State court. *See* Compl. Ex. D. The fifth attachment is a "Business Certificate" made "pursuant to General Business Law § 130." *See* Compl. Ex. E, ECF No. 1-5. The sixth attachment is the note, dated November 8, 2019, signed by Skeen, Jacqueline Durant, and Kevon Skeen, promising to pay $456, 577.00 plus interest to the lender, Nationstar Mortgage LLC d/b/a Mr. Cooper. *See* Compl. Ex. F, ECF No. 1-6. The final attachment appears to be a redacted version of the note, filed on a docket in state court. *See* Compl. Ex. G, ECF No. 1-7.

Ex. A, ECF No. 27-4. In connection with the mortgage, the Borrowers executed a note, promising to pay the principal loan amount plus interest to the lender. *See* Sheehan Decl. Ex. B, ECF No. 26-3. On December 19, 2022, the lender's nominee assigned the mortgage to Lakeview Loan Servicing, LLC ("Lakeview"). *See* Sheehan Decl. Ex. D, ECF No. 26-5. The assignment was recorded on December 22, 2022. *See id.* On March 1, 2023, Lakeview sued the Borrowers, among others, in New York state court, seeking foreclosure of the mortgage loan on the Property (the "State Court Action"). *See* Kofman Decl., Ex. C.

### III. DEFENDANTS

The Complaint's case caption defines Defendants as: Julio Aldecocea as the CEO of Lakewood[6] Loan Servicing, LLC; Dave Worrell as the CEO of Loan Care LLC; Jay Bray as the CEO of Nationstar; and Andrew Cecere as the CEO of U.S. Bank, N.A. *See* Compl. at 1.

#### A. Defendant Worrell

Other than the case caption, the Complaint only once mentions Defendant Worrell. *See id.* at 19. The mention is in a subsection called, "Petitioner's Acceptance of Offer." *See id.* at 17. Within that subsection, there is a list entitled "Respondents as 'Offeror,'" which lists, "Dave Worrell, CEO Loan Care LLC 3637 Sentar Way Virginia Beach, Virginia 23452." *See id.* at 19.

#### B. Defendant Bray

Other than the case caption, the Complaint only twice mentions Defendant Bray. *See* Compl. at 19, 20. The first mention is in a subsection called, "Petitioner's Acceptance of Offer." *See id.* at 17. Within that subsection, there is a list entitled "Respondents as 'Offeror,'" which lists,

---

[6] In allowing Plaintiff leeway due to her *pro se* status, this Court assumes that Plaintiff intended to allege that Defendant Aldecocea was the CEO of Lake*view*, rather than Lakewood, as the Complaint makes no other mention of any "Lakewood" entity.

5

"Jay Bray, CEO NATIONSTAR MORTGAGE d/b/a/ MR COOPER 8950 Cypress Waters Blvd Highway 21 Coppell, Texas 75067." *See id.* at 19.

The second mention is in a subsection entitled "Petitioner's Affirmation." *See id.* That subsection contains the following paragraph:

> **'Petitioner'** *as* **'Acceptor'** for **DAVEEN LIFE ESTATE, CONDITIONALLY ACCEPTS** the offers made **to** them pursuant to the financial accounting phase of mortgage acquisition at the beginning to the transaction between **NATIONSTAR MORTGAGE d/b/a MR COOPER, Jay Bray, CEO,** and the accepting parties listed herein.

*See id.* at 20 (emphasis in original).

The NSM U.S. Bank Defendants note that the case caption's designation of Defendant Bray as CEO of Nationstar is "technically inaccurate," as Defendant Bray "is the CEO of Mr. Cooper Group, the parent entity of Nationstar." NSM U.S. Bank Defs.' Mem. Supp. at 4 n.3. To that end, the NSM U.S. Bank Defendants submitted "the relevant page from the website of the Mr. Cooper Group relating to Jay Bray," which states that "Jay Bray serves as the Chairman and Chief Executive Officer of Mr. Cooper Group." Kofman Decl. ¶ 14, Ex. L.

### C. Defendant Cecere

Other than the case caption, the Complaint is silent as to Defendant Cecere. The NSM U.S. Bank Defendants note that the case caption's designation of Defendant Cecere as the CEO of U.S. Bank is "technically inaccurate," as Defendant Cecere "is the CEO of U.S. Bancorp, the parent entity of U.S. Bank, N.A." NSM U.S. Bank Defs.' Mem. Supp. at 4 n.3. To that end, the NSM U.S. Bank Defendants submitted "the relevant page from the website of U.S. Bancorp[] [r]elating to Andrew Cecere," which states that "Andy Cecere is the chairman and chief executive officer of U.S. Bancorp . . . ." Kofman Decl. ¶ 15, Ex. M.

### D. Defendant Aldecocea

The Complaint mentions Defendant Aldecocea in more instances than it does the other Defendants. The Complaint alleges:

> On December of 2022, I Daveen, sent a promissory note addressed to **Julio Aldecocea, CEO, of LAKEVIEW LOAN SERVICING, LLC. They** took it, monetized it and it was found in **Treasury Direct, EE BONDS** series. They stole a **$500,000** promissory note and **STILL** tried to foreclose on our property.

Compl. at 7 ¶ 5 (emphasis in original). The Complaint also alleges, in a subsection entitled "Brach [*sic*] of Contract":

> After Petitioner's initial contact with **John G. Aldridge, Jr. Managing Partner; ALDRIDGE PITE LLP** and **Julio Aldecocea, CEO** of **LAKEVIEW LOAN SERVICING, LLC has immediately conditionally accepted the offer of CONDITIONAL .ACCEPTANCE mailed on July 12th 2024, with a nonresponse after 72 Hours. The Second Notice was Mailed was mailed on July 20th 2024, both Offerors have defaulted and I will now move forward with the default judgment and a demand for declaratory Judgment and a demand for remedy.**

*Id.* at 16 (emphasis in original). The Complaint further alleges, in the same subsection:

> All parties have provided their tacit agreement where there is no controversy. We have now **Julio Aldecocea,** CEO of **LAKEVIEW LOAN SERVICING, LLC,** located at, 4425 Ponce De Leon, MS5-251Coral Gables, Florida 33146, as a claimant without authority making a claim without merit of proof of any nexus between **Julio Aldecocea; LAKEVIEW LOAN SERVICING, LLC** and **Daveen S. Skeen** and the **DEVEEN SKEEN**[.]

*Id.* (emphasis in original).

In a subsection entitled "Petitioner's Acceptance of Offer," the Complaint alleges:

> I, **Daveen Skeen** or in receipt of **John G. Aldridge, Jr,** Managing Director of **ALDRIDGE PITE LLP,** located at **6 Piedmont center, suite 500, 3575 Piedmont Rd Atlanta GA 30305** on behalf of **Julio Aldecocea, CEO of LAKEWVIEW** [*sic*] **LOAN SERVICING, LLC,** located at, 4425 Ponce De Leon, MS5-251Coral Gables, Florida 33146; loan number: 0046718698. Property address- 732 Martin Drive Uniondale, NY 11553[.]

*Id.* at 17 (emphasis in original). In the same subsection, the Complaint alleges:

7

> **Julio Aldecocea, CEO of LAKEVIEW LOAN SERVICING, LLC** will have to appear in his own person to defend Respondent's claim against Petitioner. No hiding behind the corporate vale.

*Id.* at 18 (emphasis in original).

As with Defendants Worrell and Bray, Defendant Aldecocea is mentioned in the list entitled "Respondents as 'Offeror,'" which lists, "Julio Aldecocea, CEO LAKEVIEW SERVICING, LLC 4425 Ponce de Leon MS5-251Coral Gables, Florida 33146." *Id.* at 19.

In a subsection entitled "Violation of the CFPB 12 CFR PPART 1026 Truth-in-Lending," the Complaint alleges:

> On **July 12, 2024,** after perfecting the deed, Petitioner presented **Julio Aldecocea, CEO** of **LAKEVIEW LOAN SERVICING, LLC** with a Conditional Acceptance that provided an attempt pursuant to **CFR 1006.5** an Offer to settle the collection of an alleged debt, or to set-off the mortgage debt that was an unconscionable offer that violated the **FDCPA** of **TILA.** The conditional acceptance was sent to all parties who ***'Petitioner'*** believed had stated a claim staked a claim of interest in the collateral initiated by ALDRIDGE PITE,LLP on behalf of LAKEVIEW LOAN SERVICING, LLC.

*Id.* at 21–22 (emphasis in original).

Finally, in a subsection entitled "Administrative Remedy Procedure," the Complaint alleges:

> As with any administrative process, **LISTED ALLEGED CREDITOR'S** Offeror may controvert the statements and/or claims made by Affiant by executing and delivering a verified response point by point, in affidavit form, sworn and attested to under penalty of perjury, signed by Julio or other officer of the corporation with evidence in support by Registered Mail to Notary or Witness Acceptor.

*Id.* at 48 ¶ 77 (emphasis in original).

### IV. PROCEDURAL HISTORY

As mentioned, on March 1, 2023, Lakeview brought the State Court Action seeking to foreclose on the Property. *See* Kofman Decl., Ex. C. According to the allegations in Lakeview's State Court Action complaint, the Borrowers had failed to pay an installment due on the note and

8

mortgage on August 1, 2022. *See id.* ¶ 7. On June 27, 2024, Skeen removed the State Court Action to this Court. *See* Lakeview Loan Servicing, LLC v. Skeen et al, 24-cv-4760 (GRB) (ST).

About a month after removing the State Court Action to this Court, on July 29, 2024, Plaintiff brought this action, which Defendants moved to dismiss. *See* Lakeview Defs.' Mot.; NSM U.S. Bank Defs.' Mot. This Court ordered Plaintiff to serve her opposition to Defendants' Motions by February 14, 2025. *See* Minute Order, ECF No. 21. According to Defendants, Plaintiff did not do so; but, on or about February 17, 2025, the Lakeview Defendants received a document from Plaintiff entitled "Petition for Injunction to Stay Foreclosure Sale and Demand for Documents Pursuant to UCC § 2-609." *See* Lakeview Defs.' Reply at 1–2, ECF No. 26-11; Pl.'s Petition, ECF No. 26-10. As such, "[i]n an abundance of caution," the Lakeview Defendants treated the "petition" as Plaintiff's opposition to their Motion. *See* Lakeview Defs.' Reply.

On March 3, 2025, after Defendants had filed their briefed Motions, Plaintiff filed a "Response to Deendant's [*sic*] Motion to Dismiss." *See* Pl.'s Response to Mot., ECF No 29. On March 10, 2025, the NSM U.S. Bank Defendants filed a letter regarding this "Response," mainly asking the Court to not consider it. *See* NSM U.S. Bank Defs.' Letter, ECF No. 30. The next day, the Lakeview Defendants also filed a letter, essentially asking for the same. *See* Lakeview Defs.' Letter, ECF No. 32.

On March 4, 2025, the Honorable Gary R. Brown referred the Motions to this Court for Report and Recommendation. *See* Docket Order, dated March 4, 2025.

On June 5, 2025, Plaintiff and her fellow Borrowers filed another lawsuit in this Court, this time against Lakeview and Nationstar, among others, but not against Defendants named here. *See* Skeen et al v. Lakeview Loan Servicing, LLC, et al, 25-cv-3152 (GRB) (ST).

9

## *PRO SE* LEGAL STANDARD

Courts must construe *pro se* pleadings "liberally with special solicitude," *Hogan*, 738 F.3d at 515 (quotations omitted), and hold a complaint filed *pro se*, "however inartfully pleaded," to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see Hogan*, 738 F.3d at 515 (noting that the court must interpret a *pro se* complaint to "raise the strongest claims that it suggests").

Even so, that "special solicitude" "has its limits." *Kastner v. Tri State Eye*, 19-cv-10668 (CM), 2019 WL 6841952, at *2 (S.D.N.Y. Dec. 13, 2019) (noting that *pro se* pleadings must comply with the Federal Rules of Civil Procedure). A "*pro se* plaintiff must still comply with the relevant rules of procedural and substantive law, including establishing that the court has subject matter jurisdiction over the action." *Burton v. United States of America*, 21-cv-6238 (BMC), 2022 WL 1093217, at *2 (E.D.N.Y. Apr. 12, 2022) (citing *Wilber v. U.S. Postal Serv.*, 10-cv-3346 (ARR), 2010 WL 3036754, at *1 (E.D.N.Y. Aug. 2, 2010)). Indeed, the Court may not "invent" allegations that a *pro se* plaintiff has not alleged. *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010); *see Williams v. Richardson*, 425 F. Supp. 3d 190, 201 (S.D.N.Y. 2019) ("the duty to liberally construe a plaintiff's complaint is not the equivalent of a duty to re-write it." (citations omitted)).

Dismissal of a *pro se* complaint is therefore appropriate where the plaintiff has not met the minimum pleading requirements. *Temple v. Hudson View Owners Corp.*, 222 F. Supp. 3d 318, 323 (S.D.N.Y. 2016). A court may even *sua sponte* dismiss a *pro se* action—even where the plaintiff has paid the required filing fee—if the action is frivolous. *Balash-Ioannidou v. Contour Mortg. Corp.*, 22-cv-4506 (AMD), 2022 WL 3358082, at *1 (E.D.N.Y. Aug. 15, 2022) (citing *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363–64 (2d Cir. 2000)).

## DISCUSSION

The Lakeview Defendants move to dismiss for lack of standing to sue (among other reasons). As standing is a jurisdictional issue, the Lakeview Defendants' motion regarding lack of standing is properly made as a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. *See John v. Whole Foods Mkt. Grp., Inc.*, 858 F.3d 732, 735 (2d Cir. 2017). "Standing is 'the threshold question in every federal case,'" and thus this Court will consider the question of standing first.[7] *Cohan v. Movtady*, 751 F.Supp.2d 436, 439 (E.D.N.Y. 2010) (citing *Ross v. Bank of Am., N.A. (USA)*, 524 F.3d 217, 222 (2d Cir. 2008)). If Plaintiff lacks standing, this Court has no subject matter jurisdiction to hear this case and must dismiss it without prejudice. *See John*, 858 F.3d at 735.

### I.     STANDING IN GENERAL

To have standing, a plaintiff "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016). "At the pleading stage, 'the plaintiff must clearly allege facts in his complaint demonstrating each element' of standing." *Lugo v. City of Troy, New York*, 114 F.4th 80, 87 (2d Cir. 2024) (citing *Spokeo, Inc.*, 578 U.S. at 338). To survive a Rule 12(b)(1) motion to dismiss for lack of standing, "the complaint's factual allegations of standing must be 'plausible' and 'nonconclusory.'" *Id.* at 87 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 680 (2009)); *see Wise v. Combe Inc.*, 724 F.Supp.3d 225, 234 (S.D.N.Y. 2024) (noting that plaintiff's pleading must allege facts that "affirmatively and plausibly suggest" standing to survive a motion to dismiss (citations omitted)). "Assessing plausibility is 'a context-

---

[7] It does not matter that the NSM U.S. Bank Defendants made their Rule 12(b)(1) motion to argue the *Colorado River* doctrine rather than lack of standing. This Court has must "assure that standing exists, regardless of whether it is challenged by any of the parties." *Summers v. Earth Island Inst.*, 555 U.S. 488, 499 (2009).

11

specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Calcano v. Swarovski N. Am. Ltd.*, 36 F.4th 68, 75 (2d Cir. 2022) (citing *Iqbal*, 556 U.S. at 679).  The Court "need not credit 'a legal conclusion couched as a factual allegation' or a 'naked assertion devoid of further factual enhancement.'" *Id.* (citing *Iqbal*, 556 U.S. at 678).

Additionally, a "plaintiff proceeding against multiple defendants must establish standing as to each defendant and each claim."  *Holland v. JPMorgan Chase Bank, N.A.*, 19-cv-233 (PAE), 2019 WL 4054834, at *6 (S.D.N.Y. Aug. 28, 2019) (citing *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 65–66 (2d Cir. 2012)).  To have standing, the plaintiff's alleged injury must not have "'resulted from the independent action of some party' other than the defendant at issue." *Lopez v. New York City Dep't of Homeless Servs.*, 17-cv-3014 (VEC), 18-cv-4293(VEC), 2019 WL 4593611, at *2 (S.D.N.Y. Sept. 23, 2019) (citing *MGM Resorts Int'l Glob. Gaming Dev., LLC v. Malloy*, 861 F.3d 40, 44 (2d Cir. 2017)); *see Moore v. United States*, 21-cv-1161 (LJV), 2024 WL 1345064, at *2 (W.D.N.Y. Mar. 29, 2024).

## II. PLAINTIFF LACKS STANDING.[8]

The Lakeview Defendants argue—understandably so—that the *named* plaintiff, "Daveen S. Skeen Life Estate c/o Veenie S, Skeen El, Executor," lacks standing.  *See* Lakeview Defs.' Mem. Supp. at 4–5.  However, as already noted, in an effort to construe the *pro se* Complaint liberally, this Court considers Skeen *individually* to be the plaintiff to this action, rather than the "life estate" (despite its apparent designation as such).  Therefore, the question is whether Skeen has standing.

In analyzing that question, this Court first assesses whether Plaintiff has established the first element of standing, *i.e.*, an injury in fact.  An injury in fact is "an invasion of a legally

---

[8] Notably, Plaintiff seemingly concedes lack of standing, as a subsection of the Complaint is entitled, "Lack of Standing." *See* Compl. at 43.  The Complaint also includes statements like, "Plaintiff has no authority or standing because Plaintiff has violated the Implementing Regulation, § 1.1-1." *Id.* at 12.  However, in accordance with its obligation to afford Plaintiff "special solicitude," this Court analyzes standing regardless of such statements.

12

protected interest which is (a) concrete and particularized . . . and (b) 'actual or imminent, not conjectural or hypothetical.'" *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (citations and quotations omitted). Such injury in fact must be plausible. *Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 148 (2d Cir. 2011) (holding that a "merely hypothetical and conjectural" injury did not "rise to the level of being plausible."). Indeed, "the Court need not credit allegations where . . . the 'threadbare assertions are conclusory and do not raise a reasonable inference of injury.'" *Hibbert v. Cap. One Auto Fin.*, 23-cv-7538 (OEM), 2024 WL 3498536, at *3 (E.D.N.Y. July 22, 2024) (citing *Calcano*, 36 F.4th at 76) (holding that a *pro se* complaint, even liberally construed, failed to establish injury in fact).

Under the most liberal construction of the Complaint, Plaintiff seemingly alleges an injury of impending foreclosure despite her allegations that her mortgage loan was somehow already paid off. In particular, Plaintiff claims that she sent Lakeview a $500,000 "promissory note," which Lakeview "took," "monetized," and "stole," resulting in them being "paid." *See* Compl. at 7 ¶¶ 5–8. Yet, according to Plaintiff, Lakeview "wrongfully" persists in "trying to evict" Plaintiff's family from the Property. *Id.* at 7 ¶ 7.

However, Plaintiff's allegations concerning such an injury do not "rise to the level" of plausibility. *Amidax Trading Grp.*, 671 F.3d at 148. While undisputed that Lakeview has initiated foreclosure proceedings on the Property,[9] the allegations in the Complaint are not well pleaded so as to plausibly suggest that the mortgage was, indeed, paid off. If anything, Plaintiff's allegations and submissions appear to assert some type of "sovereign citizen" claim that courts routinely reject as frivolous. *See Gerken v. Cap. One Fin. Corp.*, 24-cv-1423 (AMN) (MJK), 2024 WL 5378958, at *3 (N.D.N.Y. Nov. 27, 2024) (describing typical sovereign citizen claims as being "universally

---

[9] *See generally* Koffman Decl. Ex. C.

13

rejected"), *report and recommendation adopted*, 2025 WL 47962 (N.D.N.Y. Jan. 8, 2025); *Tyson v. Clifford*, 18-cv-1600 (JCH), 2018 WL 6727538, at *3 (D. Conn. Dec. 21, 2018) ("Federal courts across the country . . . have routinely refused to credit arguments based on a redemption, sovereign citizen, or other similar theory because the arguments are often frivolous, irrational and unintelligible.").

For context, sovereign citizens generally "believe that the state and federal governments lack constitutional legitimacy and therefore have no authority to regulate their behavior." *U.S. v. Ulloa*, 511 F. App'x 105, 106 n.1 (2d Cir. 2013). Sovereign citizens often "use maneuvers . . . to avoid paying debts or to collect debts that are not actually owed." *Balash-Ioannidour*, 2022 WL 3358082, at *2; *see United States v. McLaughlin*, 949 F.3d 780, 781 (2d Cir. 2019) ("so-called 'Sovereign Citizens' seek to clog the wheels of justice and delay proceedings so justice won't ultimately be done. They do so by raising numerous—often frivolous—arguments" (cleaned up)).

For example, in *Balash-Ioannidou*, a mortgage lender commenced foreclosure proceedings against a borrower to satisfy a $645,300.00 mortgage loan. *Id.* at *1. The borrower sued the lender, claiming that she had already satisfied her debt by "issu[ing] a payment through Notary Presentment to Defendants in the amount of $645,300.00," as well as a "Notary Protest," and a "Certificate of Dishonor." *Id.* The court dismissed the borrower's suit, holding, among other things, that the borrower's claims were frivolous. *Id.* at *2. Specifically, the court held that the borrower's claim that her notary presentment had discharged her debt "lack[ed] an arguable basis in law or fact." *Id.* Similarly, in *Gerken*, the court rejected the plaintiff's allegations that he had discharged an outstanding $1,817.52 credit balance by sending the defendant financial institution "negotiable instruments" and "coupons." *See* 2024 WL 5378958, at *2–3.

14

So too here. Plaintiff's claim that Lakeview could somehow satisfy the mortgage loan by obtaining $500,000 from Plaintiff's alleged promissory note—be it through, "taking," "monetizing," or "stealing" it—is implausible, and this Court need not waste time and judicial resources explaining why promissory notes do not work in such a way. *See Moore v. Discover Bank*, 24-CV-3194 (LTS), 2024 WL 2784878, at *2 (S.D.N.Y. May 28, 2024) (finding meritless plaintiff's claim that "his mailing of [a] power of attorney to Discover Bank's CEO brings his credit card bill 'to zero.'"); *see also Steinkirchner v. Gordon*, 19-cv-1241, 2020 WL 549087, at *2, n.5 (W.D. Pa. Feb. 4, 2020) ("[the Court] can say with confidence that the Plaintiff's one-sided effort to discharge her debts does not create a legal or factual basis for the claims she struggles to assert."). The bottom line is that Plaintiff's only purported injury rests on frivolous allegations that this Court need not credit. As such, Plaintiff has failed to plausibly establish injury in fact, and thus lacks standing to sue.

Even assuming *arguendo* that Plaintiff had sufficiently established injury, Plaintiff has failed to meet the second element of standing—*i.e.*, that such injury is fairly traceable to Defendants' conduct. To be sure, Defendants are mere individuals and not parties to the note, mortgage loan, or foreclosure proceeding. *See, e.g.*, Sheehan Decl. Ex. B (showing that the note was entered between the Borrowers and Nationstar); *id.* Ex. C (showing that the mortgage was entered between the Borrowers and Nationstar); *id.* Ex. D (showing that the mortgage was assigned to Lakeview); Kofman Decl. Ex. C (showing that Defendants are not parties to the State Court Action foreclosure proceeding).

"To establish a causal connection for purposes of Article III standing, the alleged injury must be 'fairly traceable' to the challenged action of the defendants." *Castro v. NewRez LLC*, 22-cv-6340 (PKC), 2024 WL 4242138, at *5 (E.D.N.Y. Sept. 19, 2024) (citing *Chevron Corp. v.*

15

*Donziger*, 833 F.3d 74, 120 (2d Cir. 2016)).  Here, as shown in the State Court Action complaint, Lakeview—not Defendants—initiated foreclosure proceedings on the Property, as Lakeview, and not Defendants, holds the mortgage loan on the Property.  *See Kofman* Decl. Ex. H.  Therefore, Plaintiff's purported foreclosure-related injury is, at most, fairly traceable to Lakeview, and not the individual Defendants.  *See Moore*, 2024 WL 1345064, at *2 ("even if Moore can establish an injury in fact, he cannot trace that injury to any conduct of the NYSDOT.  Instead, based on the allegations in the amended complaint, Moore's injury is the result of the independent action of the federal government.").

The Complaint's allegations concerning Defendants confirm this.  Even when construed under the liberal *pro se* pleading standard, the Complaint contains practically no factual allegations against Defendant Bray and Defendant Worrell, and literally none against Defendant Cecere.  And while the Complaint makes more frequent mention of Defendant Aldecocea, those mentions are largely irrelevant, and do not allege that Defendant Aldecocea is a party to the note, mortgage, or foreclosure proceeding.  Even with Defendant Aldecocea being an alleged employee and officer of Lakeview, the Complaint does not allege that Plaintiff's purported injuries are traceable to Defendant Aldecocea's individual actions, rather than those taken on Lakeview's behalf.

Plaintiff has thus failed to establish any causal connection between any injury and any activity of Defendants, and therefore lacks Article III standing.  *See MSP Recovery Claims, Series LLC v. AIG Prop. Cas. Co.*, 20-cv-2102 (VEC), 2021 WL 1164091, at *11 (S.D.N.Y. Mar. 26, 2021) ("Because Plaintiff has not adequately alleged that any of the injury-in-fact . . . is fairly traceable to any of the three Defendants in this action, it has not adequately pled causation"); *Lopez*, 2019 WL 4593611, at *2 (holding plaintiff lacked standing where injury not traceable to

16

any actions of a particular group of defendants). None of Plaintiff's arguments in her opposition or other submissions change that. *See generally* Pl.'s Response to Mot.; Pl.'s Petition.

As Plaintiff has failed to establish Article III standing, this Court lacks subject matter jurisdiction over Plaintiff's case. Given the lack of subject matter jurisdiction, this Court need not address Defendants' other arguments for dismissal at this time. *See Dees v. Zurlo*, 24-cv-1 (MAD), 2024 WL 2291701, at *13 (N.D.N.Y. May 21, 2024) ("there is no requirement that a court address every single potential ground for dismissal where it is clear that a claim should be dismissed.").

## CONCLUSION

For the foregoing reasons, this Court respectfully recommends that the District Court GRANT the Motions and DISMISS the Complaint without prejudice. Should Plaintiff seek to file a new complaint against Defendants, she must establish that she has Article III standing to bring each of her claims against each Defendant.

## **OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

Under 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections.  Failure to timely object shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals.  *See Frydman v. Experian Info. Sols., Inc.*, 743 F. App'x 486, 487 (2d Cir. 2018); *McConnell v. ABC-Amega, Inc.*, 338 F. App'x 24, 26 (2d Cir. 2009); *Tavarez v. Berryhill*, No. 15-cv-5141 (CS) (LMS), 2019 WL 1965832, at *30 (S.D.N.Y. May 1, 2019); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

**SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Steven L. Tiscione
　　　　　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Eastern District of New York

Dated:　Central Islip, New York
　　　　　July 18, 2025.